**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ANGEL EYES LIFE MEDICAL, INC. dba ANGE1EYES-MED, SHENZHEN CHUANGXIN TECHNOLOGIES CO. LTD. dba MASAKEYS, and PLAXTRON INDUSTRIAL M. SDN. BHD. dba MM LIFEMED, <br><br>               *Plaintiffs*, <br>        v. <br><br> ARTHUR LIH dba LIFEVAC, <br><br>               *Defendant*. | Civil Action No. 3:25-cv-904 <br><br> JURY DEMAND |

## ORIGINAL COMPLAINT

Plaintiffs Angel Eyes Life Medical, Inc. dba Ange1Eyes-Med, Shenzhen Chuangxin Technologies Co. Ltd. dba MaSaKeys, and Plaxtron Industrial M. Sdn. Bhd. dba MM LifeMed (collectively "Plaintiffs") file this declaratory judgment action of patent non-infringement of certain choking intervention device as defined herein ("Accused Products") and patent invalidity against United States Patent No. 10,052,115 ("Patent").

### INTRODUCTION

1.      Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2.      The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer

to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4. In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5. It is against this backdrop that Defendant Arthur Lih dba LifeVac ("Defendant") reported to Amazon meritless "Intellectual Property Violation" against the Accused Products, specifically alleging infringement of the Patent, and resulting in the delisting of the Accused Products.

**PARTIES**

6.  Plaintiff Angel Eyes Life Medical, Inc. dba Ange1Eyes-Med (Seller ID: A2THQCVOO55MQ9) is a type of foreign legal entity organized under the laws of the People's Republic of China.

7.  Plaintiff Shenzhen Chuangxin Technologies Co. Ltd. dba MaSaKeys (Seller ID: AON8M3PNRNGPJ) is a type of foreign legal entity organized under the laws of the People's Republic of China.

8.  Plaintiff Plaxtron Industrial M. Sdn. Bhd. MM LifeMed (Seller ID: A3JO4GGAWUUK2P) is a type of foreign legal entity organized under the laws of Malaysia.

9.  Upon information and belief, Defendant Arthur Lih is a private citizen and owner of the Patent.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. Defendant is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this State and District, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE ACCUSED PRODUCTS

13. Plaintiffs are e-commerce companies selling choking intervention devices on the Amazon marketplace.

14. The Accused Products at issue are the choking intervention devices identified by ASIN Nos. B0D6XM2P3T, B0D6XY9HL9, B0D4KMP22T, B0D4KM1LWN, B0D3SYFK73, and B0D3T9CPBW. Each ASIN sells Accused Products that are functionally equivalent.

15. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for choking intervention device, Plaintiffs need their products listed in the Amazon marketplace.

16. Defendant's ability to use Amazon infringement complaints as an inequitable injunction significantly harm Plaintiffs. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

## UNITED STATES PATENT NO. 10,052,115

17. Defendant is the named inventor and applicant of the Patent, attached as Exhibit A.

18. The Patent is entitled "CHOKING INTERVENTION DEVICE AND METHOD OF USE THEREOF" and generally discloses: "A choking intervention device for clearing an object obstructing a breathing passage of a choking victim includes a bellows assembly and a removable facemask configured to enclose a person's mouth and nose. The bellows assembly includes a bellows having a base with an opening thereon. The opening is configured to provide

access to an interior volume of the bellows assembly. The bellows assembly further includes a handle on the bellows at a side opposite the base. The facemask is coupled to the base of the bellows and is configured to enclose the choking victim's mouth and nose." *Id.*

19. The Patent was filed on April 29, 2014 and was issued on August 21, 2018. *Id.*

20. The Patent comprises eighteen (18) claims all directed to a choking intervention device. *Id.*

**DEFENDANT**

21. Upon information and belief, Defendant is the owner of the Patent.

22. No assignment records regarding the Patent have been filed with the USPTO.

23. On or around February of 2025, Defendant lodged several meritless Amazon Infringement Complaints (Complaint IDs: 16937404351, 17104053891, 17277720681, 17152928401, 17174624421, & 17287306391) (collectively "Complaints") against Plaintiffs and the Accused Products.

24. Therein, Defendant identified the Patent as the intellectual property asserted.

25. Defendant further identified either "LifeVac" or "Red Points" as the rights holder and provided their email as <lifevac-bp@redpoints.com> or <ddegregorio@lifevac.net>.

26. Amazon responded to the Complaints by quickly removing or delisting the Accused Products.

**CLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

27. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

28. An actual, continuing, and justiciable controversy exists between Plaintiffs and Defendant as to the non-infringement of the Patent by the Accused Products, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

29. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any claims of the Patent.

30. For example, the Accused Products do not comprise each and every element of independent claims 1 or 12 of the Patent. Critically, the Accused Products do not comprise the claimed "relief valve" of claims 1 and 12.

31. The Patent discloses that the "bellows assembly 102 may include a ***relief valve 108*** configured to allow air to escape from the bellows assembly 102 when the bellows 104 is being compressed." Ex. A at 4:3-5 (emphasis added).



32. In this regard the Patent goes on to disclose that "the *relief valve 108* prevents substantial pressure to be built inside the bellows assembly 102 when the bellows 104 is compressed (while the bellows assembly is sealingly coupled to the facemask and the facemask is positioned over the victim's mouth and nose)." Ex. A at 4:5-10 (emphasis added).

33. In comparison, the Accused Products comprise no such relief valve. Admittedly, the Accused Products have no way to prevent substantial pressure to be built inside the bellows assembly when the bellows is compressed.



34. Further, as discussed herein, the claims of the Patent as interpreted by Defendant's infringement contentions, are invalid in view of the prior art, and, therefore, there can be no infringement of invalid claims.

35. Plaintiffs therefore request a judicial declaration that the Accused Products do not infringe any claims of the Patent.

## CLAIM II: DECLARATORY JUDGMENT OF INVALIDITY

36. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

37. An actual, continuing, and justiciable controversy exists between Plaintiffs and Defendant as to the validity of the Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

38. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the claims of the Patent are invalid for failure to meet the statutory requirements of patentability, such as 35 U.S.C. §§ 101-103, 112.

39. For example, because the Accused Products do not comprise the claimed "relief valve," they practice the prior art, such as PCT International Publication No. WO2007073211 to Stevenson.

40. Therefore, by asserting the Patent against the Accused Products that practice the prior art, Defendant is implicitly limiting the scope of the claims of the Patent to be anticipated by the prior art, such as Stevenson. In this regard, the claims of the Patent are invalid or there is no infringement.

41. Plaintiffs therefore request a judicial declaration that the claims of the Patent are invalid.

## JURY DEMAND

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, demand a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter the following in favor of Plaintiffs:

A.  Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the Patent, and to refrain from lodging any further infringement complaints regarding the same;

B.  A finding and declaratory judgment that the Accused Products do not infringe any claim of the Patent;

C.  A finding and declaratory judgment that the claim of the Patent are invalid;

D.  A finding and judgment that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

E.  Such further and additional relief as the Court deems just and proper.

Dated: April 11, 2025                          Respectfully submitted,

                                                */s/ Nicholas Najera*
                                                Timothy Wang
                                                Texas Bar No.: 24067927
                                                Nicholas Najera
                                                Texas Bar No.: 24127049

                                                Ni, Wang & Massand, PLLC
                                                8140 Walnut Hill Lane, Suite 615
                                                Dallas, TX 75231
                                                972-325-2220
                                                twang@nilawfirm.com
                                                nnajera@nilawfirm.com


                                                *Counsel for Plaintiffs*